**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONALD FAJARDO-GODINEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, Adelanto ICE Processing Center, *et al*.,<br><br>Respondents. | Case No. 5:26-cv-01566-JFW-RAO<br><br><br>FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Final Report and Recommendation is submitted to the Honorable John F. Walter, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.    INTRODUCTION

Petitioner Donald Fajardo-Godinez ("Petitioner"), represented by counsel, initiated this habeas action pursuant to 28 U.S.C. § 2241 ("Petition") against Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Pamela Bondi, U.S. Attorney General; Ernesto Santacruz, Acting Field Office Director, U.S. Immigration and Customs Enforcement ("ICE"), Los Angeles Field Office; and Warden of the Adelanto ICE Processing Center (collectively, "Respondents") on March 31, 2026.  Dkt. No. 1 ("Pet.").  Petitioner claims that his

current detention at Adelanto Processing Center in Adelanto, California violates his due process rights and 8 U.S.C. § 1226(a) and seeks immediate release, or in the alternative, that he be provided with a constitutionally compliant bond hearing before an immigration judge. *See generally* Pet. Respondents oppose the Petition, asserting that to the extent Petitioner would be entitled to any remedy, at most it would be a bond hearing before an immigration judge under Section 1226(a) within seven days. *See generally* Dkt. No. 7 ("Ans.").

The Court issued a Report and Recommendation on May 12, 2026 ("May 12, 2026 Report), recommending that the Petition be granted in part and that Respondents be enjoined from continuing to detain Petitioner unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a). The deadline for filing objections has passed, and no objections were received. Accordingly, the undersigned issues this Final Report and Recommendation, incorporating the facts and analysis of the May 12, 2026 Report with no substantive revisions.

## II.    FACTUAL BACKGROUND

Petitioner is a citizen of El Salvador. Pet. ¶ 28. Petitioner entered the United States without inspection on October 19, 1999. *Id.* ¶ 29. After living in this country for over two decades, the government detained Petitioner on December 26, 2025. *Id.* ¶¶ 6, 30, 32. Petitioner states that he is not subject to mandatory detention under 8 U.S.C. § 1225(b), but rather his detention should be governed by 8 U.S.C. § 1226(a). Pet. ¶¶ 7, 56–58.

Petitioner requested a bond hearing, however, the immigration court determined that Petitioner is not eligible for bond because the immigration judge lacks jurisdiction. *Id.* ¶¶ 8, 41–42. Petitioner states that he has no criminal history, has established ties to the community, and timely filed a Temporary Protected Status renewal application. *Id.* ¶¶ 11, 36–38.

///

2

The Petition states that Petitioner is currently detained in Adelanto ICE Processing Center in Adelanto, California. *See id.* ¶¶ 14, 21. The publicly available ICE records confirm Petitioner's detention within this District.

### III.    LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

### IV.    DISCUSSION

Petitioner claims that his continued detention violates the Fifth Amendment's Due Process Clause (Count One); 8 U.S.C. § 1226(a) (Count Two); and 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count Three). *See* Pet. ¶¶ 51–62. The Petition seeks relief in the form of Petitioner's immediate release or, alternatively, an order directing Respondents to provide Petitioner with a bond hearing within seven days. *Id.* at 9–10.

Respondents filed their response on April 9, 2026 ("Answer"). *See* Ans. Respondents argue that to the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an immigration judge under 8 U.S.C. § 1226(a). *Id.* at 2. Respondents request that if a bond hearing is ordered, the timing of the hearing be consistent with what courts in this district have generally ordered, which is to require a Section 1226(a) bond hearing be held within seven days of the court's order. *Id.*

Petitioner filed his Reply to Respondents' Answer on April 13, 2026 ("Reply"). Dkt. No. 8. Petitioner states that Respondents' position to limit the remedy to a bond hearing within seven days rather than immediate release cannot be sustained because a bond hearing is not an adequate remedy for the injury Petitioner

is suffering. *Id.* at 3–4. Additionally, Petitioner asserts that referral for a bond hearing to "the same executive branch responsible for Petitioner's detention … does not provide the neutral and independent review required by due process." *Id*. at 3.

### A.    The Court has Jurisdiction

As the Court has an obligation "to determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address whether it has jurisdiction over Petitioner's claims. *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Petitioner argues that this Court has jurisdiction over the present action based on 28 U.S.C. § 2241 and 28 U.S.C. § 1331. Pet. ¶ 2. Respondents do not contest this Court's jurisdiction over the Petition.

Here, Petitioner is in immigration custody and challenges the constitutionality of his physical confinement. *See generally* Pet. Accordingly, as other courts in this Circuit have found in similar cases, the Court has jurisdiction to hear Petitioner's claims that his detention is unlawful under 28 U.S.C. § 2241. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (finding that the court would have jurisdiction under § 2241 to consider errors of law in immigration detention, including due process violations); *Wang v. Warden*, No. CV 26-CV-1595-DFM, 2026 WL 1196001, at *2 (C.D. Cal. Apr. 24, 2026) (similar).

In sum, the Court has jurisdiction.

### B.    Petitioner is Entitled to a Bond Hearing under 8 U.S.C. § 1226(a)

Petitioner claims, *inter alia*, that his continued detention violates 8 U.S.C. § 1226(a) and seeks immediate release or, alternatively, an order directing Respondents to provide Petitioner with a bond hearing within seven days. *See generally* Pet. As noted, Respondents assert that Petitioner would at most be entitled to a bond hearing, whereas Petitioner contends that a bond hearing would be an inadequate remedy. *See generally* Ans.; Reply.

In *Maldonado Bautista*, the Honorable Sunshine Suzanne Sykes, United States District Judge, granted relief to, a class of noncitizens who were denied bond by the government. *See Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal.), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. CV 25-1873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) (defining the Bond Eligible Class as "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination"). Further, Judge Sykes held that the Bond Eligible Class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Bautista*, 2025 WL 3678485 at *1. Although the Ninth Circuit has temporarily stayed the *Maldonado Bautista* judgment "insofar as the district court's judgment extends beyond the Central District of California," that judgment "remains in place as to the Central District of California." *Maldonado Bautista, et al. v. United States Dep't of Homeland Sec., et al.*, No. 26-1044, slip op. at 1 (9th Cir. Mar. 6, 2026).

Here, Petitioner is a noncitizen, present in the United States without lawful status, who entered the United States without inspection, and was not apprehended on arrival. Respondents do not contend that he is subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. Even without Respondents' concession, "[b]ecause Petitioner's ... Petition alleges facts that place [him] squarely within the definition of the Bond Eligible Class, the Court is compelled to find that [he] is entitled to the relief ... guaranteed by *Bautista*'s final judgment." *Sosa Inzuna v. Warden of Adelanto Det. Facility*, 814 F. Supp. 3d 1091, 1095 (C.D. Cal. 2026).

///

In similar circumstances, courts in this District have limited relief to ordering a petitioner's release if he is not afforded a timely bond hearing. *See Rathi v. Warden of Desert View Annex Det. Facility*, No. CV 26-1174-WLH-AYP, 2026 WL 795298, at *1 (C.D. Cal. Mar. 18, 2026) ("Respondents do not contest Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*. Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing." (citation omitted)); *Hernandez v. Semaia*, No. CV 26-1295-JFW-KS, 2026 WL 928628, at *3 (C.D. Cal. Apr. 2, 2026) ("In light of Respondent's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, ... Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order."); *Devi v. Semaia*, No. CV 26-898-DMG-AS, 2026 WL 712043, at *1 (C.D. Cal. Mar. 9, 2026) (similar). Therefore, consistent with the practice in this District, the Court recommends Petitioner be released if he is not afforded a timely bond hearing. *See, e.g., Quinonez Herrera v. Mullin*, No. CV 26-1561-CAS-DMK, 2026 WL 915184, at *2 (C.D. Cal. Apr. 3, 2026) ("[C]onsistent with what courts in this district have generally ordered in similar cases, the Court orders Respondents to provide Petitioner with [an individualized bond] hearing within seven (7) days." (citations omitted)).

In his Reply, Petitioner objects to relief in the form of a bond hearing, and instead, seeks his immediate release, contending that a bond hearing is an inadequate remedy for the harm he has suffered. Reply at 3–4. Further, Petitioner contends that he will not receive a neutral bond hearing before the executive branch court that is responsible for his current detention. *Id.* at 4. First, the Court notes that the Petition expressly requested, as an alternative form of relief, that Respondents be ordered to provide Petitioner with a constitutionally compliant bond hearing before an

immigration judge. Pet. at 10. Second, to the extent Petitioner is claiming that he cannot be provided a bond hearing before a neutral immigration judge, this claim has not been raised in the Petition, nor has Petitioner sought to amend the Petition. Petitioner may not raise issues for the first time in a reply brief. *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003).

In sum, the Court finds that Petitioner is entitled to relief under *Bautista*. Accordingly, the Court recommends that the Petition be granted in part and that Respondents be enjoined from continuing to detain Petitioner unless he is provided with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

## V.  **RECOMMENDATION**

For the reasons discussed above, IT IS RECOMMENDED that the District Court issue an Order:

(1) accepting and adopting this Final Report and Recommendation;

(2) GRANTING IN PART the Petition;

(3) ENJOINING Respondents from continuing to detain Petitioner unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the Order Accepting the Report and Recommendation, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a reasoned decision if bond is denied; and

(4) ORDERING Respondents to file a status report substantiating compliance within ten days of the Court's Order Accepting the Report and Recommendation.

DATED: May 26, 2026

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE